UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ENDI JESUS MORILLO
QUINTERO,

          Petitioner,

    v.

Case No. 2:26-cv-853-KCD-NPM

SECRETARY KRISTI NOEM,
SHERIFF DAVID HARDIN,
PAMELA BONDI, U.S. ATTORNEY
GENERAL, FIELD OFFICE
DIRECTO GARRETT J. RIPA,
ACTING DIRECTOR TODD M.
LYONS,

          Respondents,

                                  /

## **ORDER**

Endi Jesus Morillo Quintero brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.)[1] He alleges that his custodians at the Glades County Detention Center are failing to provide adequate medical care for a traumatic brain injury he sustained in a car accident. In his view, this deliberate indifference to his health transforms his civil immigration hold into an unconstitutionally punitive confinement. He asks this Court to order his release or transfer to a facility that can provide him with an MRI and specialist care. But federal courts must operate within strict procedural lines.

---

[1] The habeas petition is not paginated, so the Court references the page numbers generated by its electronic filing system.

Because Quintero fundamentally contests the conditions of his confinement rather than the fact of his detention, habeas corpus is the wrong legal vehicle for his claims.

The writ of habeas corpus is the traditional remedy for a detainee challenging the very fact or duration of his physical confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).[2] When a person claims he is being held illegally and seeks immediate release, habeas is his proper path. *Id.* at 489.

But when a detainee is lawfully held and instead challenges the way he is being treated—the conditions of his confinement—habeas is not available. The Supreme Court has drawn a firm line between the two. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core" of habeas corpus). A claim that a facility cannot (or will not) accommodate a detainee's medical needs belongs in a civil rights action, not a habeas petition. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.").

---

[2] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Quintero's petition falls squarely on the conditions side of the line. He points to severe headaches, vision deterioration, and weight loss, and he asks the Court to order his transfer so he can obtain neurological testing and specialist care. (*See* Doc. 1.) Quintero does package this grievance under the Fifth Amendment's Due Process Clause, arguing that the government's failure to treat him turns a civil hold into unconstitutional punishment. (*Id.* at 5.) But a plaintiff's chosen label does not control. However you slice it, Quintero is not arguing that the executive branch lacks the statutory authority to detain him. Instead, he alleges that the facility is failing to provide him with adequate medical care. That is a quintessential challenge to the conditions of confinement. It is not a challenge to the legal basis for the confinement itself. *See, e.g.*, *H.C. v. Warden, Stewart Det. Ctr.*, No. 4:22-CV-148-CDL-MSH, 2023 WL 2745176, at *5 (M.D. Ga. Mar. 31, 2023).

A federal court cannot use the writ of habeas corpus to supervise prison medical care. Because Quintero is alleging that his facility cannot accommodate his needs, his claim is not cognizable in a habeas petition. *See Ocampo-Vergara v. Gabby*, No. 5:24CV177/MCR/MAL, 2024 WL 4584917, at *2 (N.D. Fla. Aug. 28, 2024). He must seek relief through the proper civil action. Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED without prejudice**. The Clerk is directed to terminate any pending motions and close this case.

**ORDERED** in Fort Myers, Florida on April 1, 2026.

Kyle C. Dudek
United States District Judge

4